# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOHN SARANCHUK,** *et al.,* : | |
| **Plaintiffs** : | **CIVIL ACTION NO. 3:15-893** |
| v. : | **(JUDGE MANNION)** |
| **DAN LELLO,** *et al.,* : | |
| **Defendants** : | |

## MEMORANDUM

On July 19, 2019, the Third Circuit issued an opinion, 779 Fed.Appx. 888 (3d Cir. 2019), (Doc. 47-1), affirming in part, and reversing in part, this court's August 23, 2018 decision granting the defendants' motion for reconsideration, (Docs. 36-38). In its August 23, 2018 decision, this court vacated its October 13, 2017 Order with respect to its rulings on the plaintiffs' procedural due process claim, (Count I of the complaint), and their Monell liability claim, (Count IV of the complaint), (Docs. 42 & 43), and it granted the defendants' prior motion for summary judgment, (Doc. 30), with respect to the stated two claims. This court then closed the case. The Third Circuit affirmed this court's decision on the plaintiff police officers' substantive due process and conspiracy claims. However, the Third Circuit reversed this court's determination that the plaintiff police officers lacked a constitutionally protected property interest in their continued employment under the CBA and

remanded this case for consideration of the 14th Amendment procedural due process claim consistent with the analysis stated in its opinion. The Third Circuit also held that "because the [plaintiff] officers' Monell claim may rise or fall with their procedural due process claim under §1983, we take no position on it here", and it vacated this court's "decision on that claim and remand[ed] it as well."

Thus, two claims remain in this case, i.e., the procedural due process claim, (Count I of the complaint), and the Monell liability claim, (Count IV of the complaint). The remaining plaintiffs are John Saranchuk, John Maciolek, Jason Kwiatkowski, and Charles Yarick.

According to the Third Circuit, 779 Fed.Appx. at 892, this court must now take the following three steps:

> First, it should determine whether, in view of the officers' variable month-to-month schedules, the officers' reduction in hours was a form of "discipline," or was dramatic enough to constitute a "demotion," "suspension," or constructive "discharge." If so, the Court should next decide whether "extraordinary circumstances" rendered pre-deprivation process infeasible. And lastly, if an officer suffered only "discipline" or "demotion" under the CBA, the Court should decide whether these adverse actions even trigger the Due Process Clause's protections as a matter of federal constitutional law.

(internal citations omitted). *See also* Felker v. Exeter Twp., 2018 WL 585606 (M.D.Pa. Jan. 29, 2018) (This court stated that "it is the precise terms of a collective bargaining agreement that can confer a property interest, not the

agreement's mere existence alone." This court denied the Township's summary judgment motion and held that since the undisputed evidence showed that plaintiffs still met the specific requirements of the CBA at the relevant time to qualify as part-time police officers, plaintiffs possessed a contractual right to continued employment with the Township under the CBA at the time that they were laid off. The court found that since plaintiffs were part-time officers at the relevant time with the Township, "they could not be laid off without having been first provided the full panoply of the due process protections contained in the CBA, including notification of the pending action and being afforded the opportunity to respond to any allegations.").

As such, the court will permit the parties to conduct supplemental discovery on the issues remanded by the Third Circuit. The court will then direct the parties to file supplemental briefs regarding the issues specified by the Third Circuit for consideration on remand. In short, the parties will be required to brief whether the Borough defendants "infringed on the [plaintiff] officers' protected property interests [i.e., whether the officers were "discharged, suspended or demoted, or otherwise disciplined" under Article 19 of the CBA], and if so, whether the officers received sufficient pre-deprivation [due] process [by the Borough defendants] under the Fourteenth Amendment."

An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: April 13, 2020**

15-893-03-Word